Estate of Oscar H. Perrin, Fred Perrin and Edna M. Perrin, Executors v. Commissioner.
Estate of Perrin v. Commissioner
Docket No. 580.
United States Tax Court
1944 Tax Ct. Memo LEXIS 334; 3 T.C.M. (CCH) 225; T.C.M. (RIA) 44076; March 13, 1944
*334 1. The value of a trust, created in 1935, to pay so much of the income and principal as the settlor-trustee "may in his discretion deem necessary or proper for the comfort, support, and/or happiness" of his wife for life, and thereafter to others upon the same terms, held, includible in the estate of the settlor-trustee as a transfer, the enjoyment of which was subject to a change through the exercise by him of a power to alter, amend, or revoke. Section 811 (d) of the Internal Revenue Code. 2. The value of a trust, created in 1935, for the education of two grandchildren, providing for the payment of amounts of income and principal not exceeding a stipulated maximum during the course of the college career, or if they should not go to college, during four years, and then so much as necessary for their support and maintenance until they reach the age of thirty when the balance should be paid over to them, equality to be maintained between them, held, not includible in the estate of the settlor-trustee. 3. The value of a trust, created in 1937, for the education of a third grandchild, payments to be made as above, and upon her reaching the age of thirty the balance to be *335 paid to her, held, not includible in the estate of the settlor-trustee. Oliver A. Wyman, Esq., 31 Milk St., Boston, Mass., for the petitioners. M. L. Sears, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding is for the redetermination of a deficiency of $18,605.98 in estate tax determined by the Commissioner. The deficiency resulted, in the main, from the inclusion in the decedent's estate of the value of three trusts alleged to be subject to a retained power to alter, amend, or revoke within the meaning of section 811 (d) of the Internal Revenue Code, or subject to retention of the right to designate the persons who shall possess or enjoy the property within the meaning of section 811 (c) of the Internal Revenue Code. Other issues have either been settled by the parties or abandoned. Findings of Fact The case has been submitted upon a stipulation of facts which we hereby adopt as our findings of fact. Oscar H. Perrin died on November 24, 1939, domiciled in Medford, Massachusetts, and the estate tax return was duly filed by his executors with the Collector of Internal Revenue for the district of Massachusetts. On December 17, 1935 *336 the decedent transferred property to himself as trustee for the benefit of his wife, Edna M. Perrin. The declaration of trust provided in part as follows: "FIRST: To pay to or for EDNA M. PERRIN, wife of said OSCAR H. PERRIN, such part of the income as the Trustee may in his discretion deem necessary or proper for the comfort, support and/or happiness of said EDNA M. PERRIN as long as she may live and also such amounts from principal as the Trustee in his discretion may deem necessary for the comfort, support and/or happiness of said EDNA M. PERRIN during her life. Said income may be paid quarterly or otherwise in the discretion of the Trustee and principal payments may be made at any time. "SECOND: Upon the death of said EDNA M. PERRIN, the fund then remaining shall be held for my son, FRED PERRIN of Rochester, New York, he to receive such part of the income and also such part of the principal as the Trustee in his discretion may deem necessary for his comfort, support and/or happiness during his life." Thereafter the remaining fund was to be held in equal shares upon the same terms for the support and maintenance of grandchildren until the time of distribution specified. The judgment *337 of the trustee as to equality of income or principal in any case calling for equality was to be absolutely binding upon the beneficiaries. In the case the trustee should deem any beneficiary incompetent properly to handle the payments to be made to him, the trustee might, in his discretion, make payments in whole or in part as follows: (a) To the legal guardian or conservator of such person; (b) Expend the same for the comfort, support, education and/or happiness of such person or pay the same to some person or persons to be expended for such purposes; (c) Accumulate the same for his or her benefit, but not for a longer period than the lives of the Donor's wife and child and grandchildren now living and twenty-one (21) years thereafter, for distribution at such time or times as the Trustee may deem expedient; (d) Reimburse any persons who may have expended money for the comfort, support, education and/or happiness of any beneficiary hereunder, the same to be wholly within the discretion of the Trustee and his decision as to whether money was so spent to be final. On the same date, December 17, 1935, a trust was created for the benefit of decedent's grandchildren, Phyllis and *338 Kenneth, with the settlor as trustee, providing as follows: "FIRST: To hold the property for the benefit of my grandchildren, PHYLLIS L. PERRIN and KENNETH F. PERRIN, of Rochester, New York, and, except as hereinafter provided in this section, to accumulate the net income thereof and add the same to the principal until one of said grandchildren shall go to college or enter training in school, college, institution or otherwise for a professional, technical, special or business career. The decision of the Trustee hereunder as to whether a grandchild has entered such school, etc. as to entitle him or her to receive benefits hereunder shall be binding. "As each of such grandchildren shall enter college, or other school, or institution as aforesaid, to pay to or for such grandchild from the accumulated income and from principal, if necessary, a sum or sums not to exceed two thousand dollars per year for such time, not to exceed four (4) years, as he or she may continue in any college or in any school or institution or in training as aforesaid. If any such grandchild shall not complete his course or training or shall have completed it within four (4) years, the Trustee shall pay *339 to or for such grandchild the difference between the total previously paid to such grandchild hereunder and eight thousand dollars ($8,000.00), such difference to be paid at the rate of two thousand ($2,000.00), per year, beginning when such grandchild shall reach the age of twenty-one, or at such time as such grandchild shall cease or complete his or her course or training, whichever may be later. "If any grandchild shall elect not to enter college or prepare for a professional, technical or business career, to pay to or for such grandchild the sum of two thousand dollars ($2,000.00) per year for four (4) years beginning at the time such grandchild shall reach the age of twenty-one (21) years. "If, in the judgment of the Trustee, it is more convenient, in order to maintain equality between the grandchildren, to establish separate funds for each grandchild, he shall have the right so to do, such separation to be made at or after the first payment shall be due under this instrument. It is the intent of the Donor that the grandchildren shall share equally in the fund, except as hereinafter set forth. "After a grandchild has received eight thousand dollars ($8,000.00) hereunder, the *340 fund held for him or her (in the event the Trustee has separated the fund into two parts as above provided) or such part of the fund, if no separation has been made, as will, in the sole judgment of the Trustee, be necessary to hold, in order to maintain equality, shall be held for such grandchild, such part of the income thereof and also such part of the principal to be paid to him or her as may in the discretion of the Trustee be necessary for the support and maintenance of such grandchild until he or she shall reach the age of thirty (30) years, the fund or part thereof then held for him or her shall be turned over to him or her, free of all trusts." Disposition was provided for in case either grandchild should die before reaching the age of 30. A provision identical with that of the Edna M. Perrin trust in case of incompetence of any of the beneficiaries was incorporated. It was further provided: "In all cases, the Trustee shall in his sole discretion determine to whom and at what times payments shall be made hereunder and the discretion of the Trustee shall be binding upon all parties. "While the chief purpose of this Section is to provide an educational fund for said grandchildren, *341 the Trustee may in his discretion pay over such part of the income and also such part of the principal to or for either or both grandchildren at any time before they would otherwise be entitled to receive the same hereunder. Such payments may be made for the support, maintenance, education or happiness of said grandchildren or may be in the form of payments for specific purposes or occasions, such as birthdays, Christmas, and the like." A substantially similar trust was established on August 12, 1937, for the benefit of a grandchild, Betty Joan Perrin, born after the establishment of the aforementioned trusts. Opinion ARUNDELL, Judge: In the trust instrument for the benefit of Edna M. Perrin the settlor, as trustee, was given the right to determine, in his discretion, what part of the income and principal was to be paid to Edna for her "comfort, support and/or happiness," and upon her death to apply the same discretion for the benefit of Fred, and thereafter for the benefit of the grandchildren until the termination of the trust. The problem presented is whether such a discretionary right amounts to a power "to alter, amend, or revoke" within the meaning of section 811 (d) of *342 the Internal Revenue Code. [1]
It is now well-settled law that a power to reallocate the corpus or income of a trust, though strictly within a group of certain named beneficiaries, is comprehended by the phrase "power to alter, amend, or revoke." Porter v. Commissioner, 288 U.S. 436; Commissioner v. Bridgeport City Trust Co., 124 Fed. (2d) 48. The principle applies even though the power is phrased in terms of disinheritance. Chickering v. Commissioner, 118 Fed. (2d) 254. The vital factor is that the settlor could choose by whom and in what proportion the property would be taken. As stated by the court: While the power retained by the decedent is phrased in terms of disinheritance, *343 we can see no difference between this and a more conventionally phrased special power of appointment. As a practical matter Mrs. Chickering could choose between two possible objects - her son or the William A. Russell Trust - and could apportion the income and principal between them in any proportion she chose to the extent of complete exclusion of either. Nor is it important that the power is exercisable by the donor in his capacity as trustee rather than as settlor. Welch v. Terhune, 126 Fed. (2d) 695. In that case one of the three trustees was donor and it was provided that the trust might be terminated or amended at any time by the trustees. In Union Trust Company of Pittsburgh v. Driscoll, 138 Fed. (2d) 152, the Third Circuit Court of Appeals followed Welch v. Terhune, supra, on this point and in answering the argument directed to the narrowness of the power reserved stated: Describing the power possessed by her as a fiduciary one, if that it be, does not mean that she could not have exercised it, although its exercise would be restricted by the terms of the deed of settlement, and *344 the legal consequences of those terms as applied to the management of the trust estate. But she could still change the enjoyment of the beneficial interests. Thus she still had a string attached to her beneficence, albeit that string was weaker than if she held it in the sole capacity of settlor. * * * Both courts were also of the opinion that the addition to subdivision 811 (d) made by section 805 of the Revenue Act of 1936, to the effect that it was not material in what capacity the power was subject to exercise by the decedent, is merely declaratory of the meaning of the subdivision prior to the addition of the phrase. Article 20, Treasury Regulations No. 80. The trust for the benefit of Edna M. Perrin falls within the principles laid down by the above authorities. The decedent was possessed during his lifetime of the right to determine the amounts of income and principal which would go to Edna, and consequentially, the amounts which would remain over to his son and grandchildren. Upon Edna he could confer all or little. He "still had a string attached to his beneficence." Although the instrument spoke in terms of a discretionary right, that right in effect is nothing different *345 from a power "An existing right in property is not a power, but a power is the right, ability or faculty of doing something." Clifford v. Helvering, 105 Fed. (2d) 586, reversed on other grounds, 309 U.S. 331. By virtue of this power to which the enjoyment of the property was subject, the value of the property is includible in his gross estate under section 811(d) of the Internal Revenue Code. The trust for the two grandchildren, Phyllis and Kenneth, stands upon a different footing. Under the terms of this instrument the grandchildren were to participate as equally as might be in the enjoyment of the fund, and this though the time of payments to each might vary. Upon their reaching the age of thirty the remaining fund was to be paid over to them in equal shares, free of all trusts. Thus, the amounts ultimately payable to the beneficiaries were fixed, and the trustee had no discretion to vary this ultimate right. The respondent finds difficulty in the clause giving the trustee the right to make payment to others, in case of incompetence of either beneficiary. Manifestly, payment may be made only for the benefit of the grandchild; *346 the manner alone, not the substance of enjoyment is altered. Likewise, the provision vesting in the trustee discretion to determine to whom, and at what time payments shall be made must be considered within the frame of the trust. Within that frame payments may be made only to the named beneficiaries, except in case of incompetence, and then for their benefit. The provision dealing with special payments for birthdays, Christmas, and the like is limited by the enjoinder of equality that pervades the instrument. This trust then allows of no power to change the enjoyment of the property transferred, and so may not be included in the gross estate under section 811(d), or any other section. The trust for the benefit of the third grandchild, Betty Jo&n is substantially the same, with the further limitation that payment may be made only for the benefit of the one grandchild. Therefore, it is held that the value of the property held in trust for Edna M. Perrin, stipulated to be $40,178.55 is includible in the estate of the decedent under the authority of section 811(d) of the Internal Revenue Code. The other two trust properties may not be included in his estate. Decision will be entered *347 under Rule 50.
Footnotes
1. (d) Revocable Transfers. - * * * * *
(2) Transfers on or prior to June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person to alter, amend, or revoke * * *.↩